IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HERBERT G. HEAD,

    Petitioner,

v.                                                                                No. 1:17-cv-748 RJ-KK

NEW MEXICO ATTORNEY GENERAL,

    Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on Herbert Head's Amended Petition for Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 3). Head asks the Court to vacate his "illegal" state sentence because the original trial judge - whom Head viewed as more lenient - did not preside over his probation violation proceeding. Having reviewed the submission *sua sponte* under 28 U.S.C. § 2254 and Habeas Corpus Rule 4, the Court will dismiss the action.

### BACKGROUND

On or about March 11, 2015, Head pled guilty in New Mexico's Second Judicial District Court to possession of a methamphetamine in violation of N.M.S.A. 1978, § 30-31-23. *See* Doc. 3, p. 3; *State v. Head,* D-2020-CR-2015-718.[1] Hon. Charles Brown sentenced him to 18 months imprisonment, which was fully suspended, plus 18 months of probation. *See* Judgment and Sentence in case no. D-2020-CR-2015-718. Judgment on the conviction and sentence was entered on March 12, 2015, and Head was released pursuant to the suspended sentence. *Id.*

About three weeks later, Head was rearrested for possession of a controlled substance, and

---

[1] The Court took judicial notice of the State Court criminal docket. *See United States v. Ahidley,* 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records ... and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir. 2003) (unpublished) (finding that a state district court's docket sheet was an official court record subject to judicial notice under Fed. R. Evid. 201).

the District Attorney filed a motion for revoke his probation. *See* RPN: Probation Violation filed April 13, 2015 in case no. D-2020-CR-2015-718. Hon. Michael Martinez presided over the Revocation Hearing. *See* Doc. 1, p. 1; NTC Notice of Probation Violation Hearing filed June 26, 2015 in case no. D-2020-CR-2015-718. Judge Martinez entered an order revoking Head's probation and sentencing him to four years imprisonment (the "Revocation Order"). *See* Order Revoking Probation filed September 18, 2015 in case no. D-2020-CR-2015-718. Head filed a direct appeal of the Revocation Order, which was affirmed on March 23, 2017.

Head filed the instant habeas proceeding on July 18, 2017. He then filed an Amended Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (the "Amended Petition") on August 1, 2017, which supersedes his initial petition. *See Giles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990) (noting that a "pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified"); Habeas Corpus Rule 12 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

In his Amended Petition, Head alleges that Judge Brown indicated a "fair sentence" for the probation violation would be 90 days imprisonment. *See* Doc. 1, p. 1. Head therefore argues it was illegal for Judge Martinez to preside over the revocation proceeding and impose a greater sentence. He states:

> Judge Brown did make a statement in open court that[,] as the Judge of Record[,] he had then offered a 90 day sentence, with half time of only 45 days in jail, for this said violation of probation.... Both judges must since [sign off on] this same release ... before any new judge can then hear the formal probation hearing.... It is e-legal for the Court to ... victimize the said defendant with this e-legal action and a change of judges.... However, if a new judge does step in or take over for the Judge of Record (Brown), that ... judge cannot ... sentence the defendant to any more time (90 days) than ... Brown had ... stated

... was a fair sentence for this said violation of probation.

See Doc. 1, p. 1.

## DISCUSSSION

Section 2254(a) only allows the Federal Court to review a State Court criminal proceeding on the ground that the prisoner is being held in violation of federal law. 28 U.S.C. § 2254(a). *See also Wilson v. Corcoran,* 562 U.S. 1, 4 (2010) ("The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'") (internal quotations omitted). Habeas Corpus Rule 4 requires the Federal Court to dismiss a § 2254 habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Thus, the Federal Court must "dismiss[] a habeas petition that fails to allege facts that state a constitutional violation," or other violation of federal law. *Boutwell v. Keating,* 399 F.3d 1203, 1211 (10th Cir. 2005). Summary dismissal is also appropriate where the facts alleged are "vague" or "conclusory," "palpably incredible" or "patently frivolous or false" when compared to the record. *Blackledge v. Allison,* 431 U.S. 63, 75-76 (1977) (internal quotations omitted); *Wilcox v. Aleman,* 3 Fed.Appx. 920, 922 (10th Cir. 2001).

There is no indication in the State Court record, which is available online and subject to judicial notice, that Judge Brown was involved in Head's revocation proceeding or otherwise indicated 90 days imprisonment would be a "fair sentence." Even accepting these facts as true, however, the Amended Petition does allege facts supporting federal review under § 2254(a). Head has not cited, nor has the Court uncovered, any federal law requiring: (1) the state trial judge to preside over any subsequent probation revocation proceedings; or (2) the new judge to implement his colleague's suggestion following a transfer. Head is therefore plainly not entitled

3

to relief, and the Court will dismiss the Amended Petition. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11(a), as Head has not made a substantial showing that he has been denied a constitutional right.

IT IS ORDERED that Herbert Head's Amended Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 3) is dismissed; a certificate of appealability is denied; and judgment will be entered.

12-12-17

_____
UNITED STATES DISTRICT JUDGE